ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ROLANDO RIVAS CALZADA<br><br>Recurrido<br><br>v.<br><br>CPG REAL ESTATE, CPG ISLAND SERVICING; FULANO DE TAL, DBR DORADO OWNER LLC; DORADO BEACH GOLF MANAGEMENT, LLC; ASEGURADORA A; ASEGURADORA B<br><br>Peticionario | KLCE202301036 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DDP2016-0090 (701)<br><br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de noviembre de 2023.

Comparece ante *nos*, Dorado Beach Golf Management, LLC (Dorado Beach) y nos solicita que revisemos la *Resolución y Orden* emitida el 28 de junio de 2023 y notificada 30 de junio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* que presentó Dorado Beach.

Por los fundamentos que se exponen a continuación, se *expide* el auto de *certiorari* y se *confirma* la *Resolución y Orden* recurrida.

**I.**

Según surge del expediente ante *nos*, el 11 de febrero de 2016, Rolando Rivas Calzada (Rivas Calzada) presentó una *Demanda* contra Dorado Beach y otros, sobre daños y perjuicios. Oportunamente, el 21 de julio de 2017, Rivas Calzada presentó una *Demanda Enmendada* para incluir como demandados a DBR Dorado Owner, LLC y Mengana de Cual. El 29 de agosto de 2017,

Número Identificador

SEN2023_____

el TPI permitió la enmienda solicitada. Así las cosas, el 20 de septiembre de 2019, la Rivas Calzada solicitó permiso para enmendar nuevamente la demanda, con el propósito de sustituir el nombre de Mengana de Cual por Dorado Beach.

Luego de varios incidentes procesales, el 11 de abril de 2022, Dorado Beach presentó una *Solicitud de Sentencia Sumaria Parcial* mediante la cual solicitó que se desestimara la causa de acción presentada en su contra, por haberse presentado la misma fuera del término prescriptivo. En la alternativa, solicitó que dictara sentencia y determinara que la inmunidad patronal impide que se considere que en el caso de autos hay solidaridad entre la parte peticionaria y la codemandada DBR Dorado Ownwer, LLC. (DBR), así como entre la parte peticionaria y Luxury Hotels International of Puerto Rico, Inc. (Luxury Hotels).

Consecuentemente, el 17 de mayo de 2022, Rivas Calzada presentó una *Oposición a Solicitud de Sentencia Sumaria Parcial*, mediante la cual solicitó que declarase *No Ha Lugar* la *Solicitud de Sentencia Sumaria Parcial* que presentó Dorado Beach. Así, el 22 de noviembre de 2022, notificada el 28 de noviembre de 2022, el TPI emitió una *Resolución* mediante la cual declaró *Con Lugar* la *Oposición a Solicitud de Sentencia Sumaria Parcial* que presentó Rivas Calzada. A esos efectos, el Tribunal dispuso lo siguiente: "[e]l Tribunal determina que la causa de acción no está prescrita en cuanto a Dorado Beach Golf Management, LLC conforme ya el Tribunal había establecido en Resolución emitida el 3 de julio de 2020. Se incorporan a esta Resolución los argumentos presentados por la parte demandante en la Oposición". Es decir, mediante dicha *Resolución* el TPI denegó la solicitud de sentencia sumaria que presentó Dorado Beach.

Inconforme, el 13 de diciembre de 2022, Dorado Beach presentó una *Moción en Torno a Resolución y Orden de 22 de*

*noviembre de 2022.* En su escrito, entre otras cosas, la parte peticionaria solicitó que el TPI dictara una resolución de conformidad con la Regla 36.4 de Procedimiento Civil, *supra*, en la cual enumerara los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos.

El 2 de febrero de 2023, notificada el 6 de febrero de 2023, el TPI emitió una *Resolución y Orden* mediante la cual declaró *No Ha Lugar* la *Moción en Torno a Resolución y Orden de 22 de noviembre de 2022*, que presentó la parte peticionaria. Oportunamente, el 8 de marzo de 2023, Dorado Beach presentó ante este Tribunal un *Recurso de Certiorari y/o Mandamus*. El 31 de marzo de 2023, este Tribunal emitió una *Sentencia* mediante la cual se revocó la determinación del foro recurrido y se le ordenó que realizara una resolución con las determinaciones de hecho y conclusiones de derecho.

Devuelto el caso al foro de instancia, el 28 de junio de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria Parcial* que presentó Dorado Beach. En su *Resolución*, el TPI determinó que los hechos probados que presentó Dorado Beach como parte de su solicitud de sentencia sumaria están relacionados a su solicitud de desestimar el pleito por prescripción y en su consecuencia, estos hechos ya fueron adjudicados por el tribunal mediante *Resolución* el 3 de julio de 2020, por lo que nada tenía que resolver al respecto. Añadió que, con relación a las alegaciones sobre el porcentaje de daño, en ese momento el Tribunal no estaba en posición de hacer dicha determinación.

El 17 de julio de 2023, Dorado Beach presentó una *Solicitud de Reconsideración, de Determinaciones de Hecho y Derecho Adicionales y de Enmienda a Determinaciones de Hecho*. Así, el 4 de agosto de 2023, Rivas Calzada presentó la correspondiente oposición a la solicitud de reconsideración. El 21 de agosto de 2023,

el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte peticionaria.

Insatisfecho con esa determinación, el 20 de septiembre de 2023, Dorado Beach presentó un *Recurso de Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

> **PRIMER ERROR: Erró el TPI al determinar que la compareciente no podía presentar una Solicitud de Sentencia Sumaria por Prescripción basada en evidencia obtenida durante el descubrimiento de prueba, porque previamente, antes de comenzado el mismo, presentó una Solicitud de Desestimación basada meramente en que de las alegaciones incluidas en la Demanda surgía que la misma estaba prescrita (sin acompañar prueba alguna) y, en atención a la misma, el TPI "emitió una resolución resolviendo que el pleito no prescribió en contra de Dorado Beach, {la cual} es ya final y firme". Lo anterior, en abstracción del derecho que establece claramente las diferencias entre una Solicitud de Desestimación y una Solicitud de Sentencia Sumaria, así como de la propia resolución señalada, la cual establece meramente que "al examinar el expediente en su totalidad, <u>debemos tomar como cierto</u> que la parte demandante, el señor Rivas, se enteró el 12 de agosto de 2019, que el codemandado, Dorado Beach, era la compañía que le daba mantenimiento a los carritos de golf".**

> **SEGUNDO ERROR: Erró el TPI al no formular como hechos probados los consignados en la Solicitud de Sentencia Sumaria presentada, los cuales demuestran que la parte demandante se enteró que la compareciente era la compañía que le daba mantenimiento al carrito de golf objeto de la Demanda (12 de agosto de 2019), <u>5 años y medio</u> después de que ocurrió el accidente en cuestión (18 de febrero de 2014) debido a su propia inacción, dejadez y negligencia, y que además: (i) no fueron controvertidos por la parte demandante; y (ii) están sustentados en transcripciones de deposiciones y otra prueba admisible en evidencia. Lo anterior, en abstracción de la Sentencia emitida previamente por este Honorable Tribunal y de la doctrina del "sham affidavit" adoptada en <u>SLG Zapata Berrios v. J.F. Montalvo Cash & Carry, Inc</u>., 189 DPR 414 (2013).**

> **TERCER ERROR: Erró el TPI al no desestimar la Demanda por prescripción, de conformidad con la prueba incontrovertida presentada que demuestra que la parte demandante se enteró que la compareciente era la compañía que le daba mantenimiento al carrito de golf objeto de la Demanda (12 de agosto de 2019), <u>5 años y medio</u> después de que ocurrió el accidente en cuestión (18 de febrero de 2014) debido a su propia inacción, dejadez y negligencia, lo anterior, en abstracción del derecho que establece claramente que el reclamante**

**en una acción de daños y perjuicios debe ser diligente en investigar la identidad del causante de los daños alegados, y que incluso de ello dependerá cuando comenzará a transcurrir el término prescriptivo para ejercitar la acción.**

Examinado el *Recurso de Certiorari*, el 28 de septiembre de 2023, este Tribunal emitió una *Resolución* concediéndole un término de veinte (20) días a la parte recurrida para que presentara su posición al recurso. El 19 de octubre de 2023, la parte recurrida presentó un *Alegato de la Parte Recurrida*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra*. No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra*.

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.      Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

## B. Sentencia Sumaria

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Acevedo Arocho y otros v. Departamento de Hacienda y otros*, 2023 TSPR 80, 212 DPR __ (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Íd.* Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021).

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Municipio de San Juan*, 2023 TSPR 95, 212 DPR ___ (2023). Véase, además, *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra; SLG Fernández-Bernal v. RAD-MAN et al., supra*. Véase, además, *Rodríguez Méndez et al. v. Laser Eye Surgery*, 195 DPR 769, 785 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra; León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra*.

Nuestro máximo Foro ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia

sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*. Ahora bien, el Tribunal Supremo de Puerto Rico ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*. Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Vera Morales v. Bravo*, 161 DPR 308, 333-334 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*. Véase, además, *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994).

Finalmente, hay que señalar que al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rivera Matos et al. v. ELA*, 204 DPR 1010, 1025 (2020). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos

materiales y esenciales, y (3) determinar si el derecho de aplicó de forma correcta. *González Meléndez v. Municipio de San Juan, supra.* Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd.*

## C. Prescripción

El Artículo 1868 del Código Civil (31 LPRA ant. sec. 5298)[1] dispone que las acciones para exigir responsabilidad civil por las obligaciones extracontractuales derivadas de la culpa o negligencia prescriben por el transcurso de un (1) año desde que lo supo el agraviado. La prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120, 213 DPR ___ (2023); *Westerbank v. Registradora*, 172 DPR 71 (2007). Véase, además, *Galib Franaie v. El Vocero*, 138 DPR 560 (1995). Dicho de otro modo, la prescripción es una de las formas mediante las cuales una obligación pierde su vigencia. *Westerbank v. Registradora, supra.* Cónsono con la teoría cognitiva del daño, este plazo comienza desde el momento en que el agraviado conoce del daño y su causante, momento desde el cual puede ejercitar su acción. *San Juan v. Bosque Real SE,* 158 DPR 743 (2003).

"[E]l propósito de la prescripción es fomentar el pronto reclamo de los derechos, a la misma vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra [y se elimina] la incertidumbre de las relaciones jurídicas [...]". *Umpierre Biascoechea v. Banco Popular de Puerto Rico*, 170 DPR 205 (2007). Sobre el momento en que comienza el término de prescripción para ejercer una acción personal, el Artículo 1869 del Código Civil (31 LPRA ant. sec. 5299) dispone lo siguiente:

---

[1] Cualquier mención subsiguiente al Código Civil de Puerto Rico se entenderá que es a su edición de 1930 aplicable a los hechos del caso de autos.

"[e]l tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse". *Ojeda v. El Vocero de PR,* 137 DPR 315 (1997).

Cónsono con lo anterior, el Artículo 1869 del Código Civil, *supra,* establece que el plazo hábil para el ejercicio de toda clase de acciones comienza a contar desde que éstas puedan ejercitarse. Así pues, al interpretarse conjuntamente las disposiciones de los Artículos 1802, 1868 y 1869 del Código Civil, *supra,* surge que el término durante el cual puede ejercitarse toda acción de daños y perjuicios comienza a partir del momento cuando el perjudicado conoce sobre del daño que ha sufrido.

Por otro lado, en *Zambrana Maldonado v. E.L.A.,* 129 DPR 740, (1992), el Tribunal Supremo expresó que:

> Como se podrá observar, la prescripción es un fenómeno basado en la inercia, mientras que la interrupción está basada en la actividad, la ruptura de esa inercia. De acuerdo con Orozco Pardo, la "interrupción, suspensión y renuncia, son los componentes que hacen justa y moral a la prescripción" Orozco Pardo, Guillermo, La Interrupción de la Prescripción Extintiva en el Derecho Civil, Cap. III, pág. 59, Granada (1986). Cabe señalar **"que la prescripción extintiva está basada en una presunción 'iuris tantum' de abandono, que admite prueba en contra, la existencia de una voluntad manifestada y probada, contraria a la prescripción, destruye aquella presunción, quedando impedida su consumación".** (Énfasis suplido).

**D. Ley del caso**

En nuestro acervo jurídico "los derechos y obligaciones adjudicadas en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso". *MGMT. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 606 (2000) (citando a *In re: Tormos Blandino,* 135 DPR 573 (1994)). Esta doctrina, más que constituir un mandato inflexible, recoge la costumbre deseable de respetar como finales aquellas controversias sometidas, litigadas y decididas por un tribunal dentro de un caso. *Sociedad Legal de Gananciales v. Pauneto,* 130 DPR 749, 754 (1992).

En *Félix v. Las Haciendas*, 165 DPR 832 (2005), nuestro Tribunal Supremo expuso que "las determinaciones de un tribunal apelativo constituyen la ley del caso en todas aquellas cuestiones consideradas y decididas". *Íd.*, pág. 843 (citando a *Secretario del Trabajo v. Tribunal Superior*, 95 DPR 136, 140 (1967)). Dichos pronunciamientos, de ordinario, "obligan tanto al tribunal de instancia como al que las dictó si el caso vuelve a su consideración". *Íd.* Estos dictámenes judiciales, que constituyen la ley del caso, incluyen todas aquellas cuestiones finales consideradas y decididas por el Tribunal.

No obstante, esta doctrina procede, solamente, cuando exista una decisión final de la controversia en sus méritos. *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 10 (2016). Por consiguiente, las controversias previamente dirimidas y adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse. *Íd.*, pág. 9. Es decir, dichos asuntos no se pueden reevaluarse, pasado el periodo provisto para la reconsideración y para la revisión, **a menos que las determinaciones previas sean erróneas o puedan causar una grave injusticia**. *In re Fernández Díaz*, 172 DPR 38, 43-44 (2007).

El Tribunal Supremo ha dicho que los Tribunales de Primera Instancia "deben realizar el esfuerzo máximo posible por evitar la emisión de dictámenes contradictorios e inconsistentes". *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755 (1992). Así, se garantiza un trámite ordenado de los litigios, y la estabilidad y la certeza de los derechos y obligaciones de las partes. En resumen, las órdenes y resoluciones emitidas por un tribunal, mediante las cuales resuelve en los méritos el asunto traído a su atención, se consideran finales y firmes, convirtiéndolos en la ley del caso, una vez haya transcurrido el periodo provisto para la reconsideración y para la

revisión por un tribunal de mayor jerarquía, sin que éstas sean modificadas o revocadas.

**III.**

Examinado el recurso de marras, a la luz de la *Resolución y Orden* emitida por el TPI el 28 de junio de 2023 y notificada el 30 de junio de 2023, confirmamos el dictamen recurrido. *Veamos.*

Al examinar cautelosamente el trámite procesal del caso y al hacer nuestra revisión de novo de la determinación del Tribunal de Primera Instancie, específicamente, la *Resolución y Orden* emitida el 28 de junio de 2023, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En el caso ante *nos*, el TPI tuvo la oportunidad de evaluar la *Solicitud de Sentencia Sumaria* que presentó la parte peticionaria y declaró *No Ha Lugar* la misma. Consecuentemente, mediante la *Resolución y Orden* recurrida realizó las determinaciones de hecho y conclusiones de derecho que entendió procedentes, de conformidad con la *Sentencia* que emitió este Tribunal el 31 de marzo de 2023, las cuales adoptamos para propósitos de esta Sentencia. Así pues, con tal proceder el foro primario actuó dentro de su discreción y conforme a derecho.

En adición, es necesario resaltar que la controversia en torno a la prescripción de la causa de acción en contra de Dorado Beach fue atendida y resuelta por el TPI mediante *Resolución* emitida el 3 de julio de 2020, la cual es final y firme y constituye la ley del caso.

En conclusión, luego de evaluar el recurso ante nuestra consideración, a la luz de la totalidad del expediente y examinado el marco jurídico, resolvemos que no se ha producido ninguna circunstancia que nos mueva a revocar la determinación a la que arribó el foro de instancia. Así, resolvemos *confirmar* el *Recurso de*

*Certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a revocar la *Resolución y Orden* recurrida.

**IV.**

Por los fundamentos antes expuestos, se *expide* el auto de *certiorari* y se *confirma* la *Resolución y Orden* recurrida. Devolvemos el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones